# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:18-cr-114 |
| v. ) | |
| ) | Judge Travis R. McDonough |
| JON CHARLES VANCE and DERRICK ) | |
| KITCHENS ) | Magistrate Judge Christopher H. Steger |
| ) | |

## MEMORANDUM AND ORDER

On February 4, 2019, Defendant Jon Charles Vance filed a motion to suppress (Doc. 100)[1] all evidence obtained pursuant to the seizure and subsequent warranted search of a pickup truck parked in the Walmart parking lot where Vance was arrested for shoplifting. (*See* Doc. 176, at 1.) The Government responded (Doc. 119), and United States Magistrate Judge Christopher H. Steger held a hearing on the motion on March 8, 2019. (Doc. 126.) On July 1, 2019, Magistrate Judge Steger entered a report and recommendation recommending that the Court deny the motion to suppress. (Doc. 176.) Vance timely objected. (Doc. 185.) For the reasons set forth below, the Court will **ACCEPT** and **ADOPT IN PART** the report and recommendation (Doc. 176) and will **DENY** Vance's motion to suppress (Doc. 100).

### I. STANDARD OF REVIEW

This Court must conduct a *de novo* review of those portions of the report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(C). *De novo* review does

---

[1] During the pendency of this motion to suppress, all deadlines and dates in this matter were stayed as to Defendant Vance and all remaining co-defendants. (Doc. 107.) Defendants Vance and Derrick Kitchens are now the only remaining defendants in this matter, and the schedule listed herein will apply to both defendants.

not, however, require the district court to rehear witnesses whose testimony has been evaluated by the magistrate judge. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). The magistrate judge, as the factfinder, has the opportunity to observe and to hear the witnesses and to assess their demeanor, putting him in the best position to determine credibility. *Moss v. Hofbauer*, 286 F.3d 851, 868 (6th Cir. 2002); *United States v. Hill*, 195 F.3d 258, 264–65 (6th Cir. 1999). A magistrate judge's assessment of witnesses' testimony is, therefore, entitled to deference. *United States v. Irorere*, 69 F. App'x 231, 236 (6th Cir. 2003); *see also United States v. Navarro-Camacho*, 186 F.3d 701, 705 (6th Cir. 1999).

Although the Court is required to engage in a *de novo* review of specific objections, if the objections merely restate the arguments asserted in a defendant's earlier motion, which were addressed by the magistrate judge's report and recommendation, the Court may deem those objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Id.*

## II. BACKGROUND

On August 8, 2018, a grand jury returned a twenty-count indictment against Vance and six co-defendants, charging Vance with: Count One, conspiring to distribute and possess with intent to distribute fifty grams or more of methamphetamine (actual) and 500 grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(A); Count Nineteen, possessing and aiding and abetting co-defendants in possessing with intent to distribute five grams or more of methamphetamine (actual), a Schedule II controlled substance,

2

in violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B); and Count Twenty, possessing and aiding and abetting a co-defendant in possessing with intent to distribute fifty grams or more of methamphetamine (actual), a Schedule II controlled substance, in violation of Title 18, United States Code, Section 2, and Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B). (Doc. 3.) On February 4, 2019, Vance filed a motion to suppress all evidence seized as the result of his March 29, 2018 arrest in Collegedale, Tennessee, including the methamphetamine and drug paraphernalia found in the truck. (Doc. 100, at 1.) Vance argued that: (1) officers lacked probable cause for a warrantless seizure of the truck; and, alternatively, (2) even if the initial vehicle seizure was lawful, the drugs officers seized after obtaining a warrant should be suppressed because the warrant lacked a nexus to the shoplifting crime the officers were investigating. (*See id.* at 4–8.)

On March 8, 2018, Magistrate Judge Steger held an evidentiary hearing on Vance's motion to suppress. (*See* Doc. 126.) At the evidentiary hearing, Magistrate Judge Steger heard testimony from Corporal David Holloway of the Collegedale Police Department. (*See* Doc. 127.) Additionally, the Court received the following exhibits into evidence: (1) the search warrant; (2) photographs; (3) the police incident report. (*See id.*)

Vance did not object to the basic facts outlined in Magistrate Judge Steger's report and recommendation, but he did object to the findings and legal conclusions related to those facts. (*See generally* Doc. 185.) After reviewing the record before the Court and finding the facts to be consistent with Magistrate Judge Steger's report and recommendation, the Court **ADOPTS BY REFERENCE** the facts as set out in the report and recommendation.[2] (Doc. 176, at 1–5); *see, e.g.*, *United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2013). The Court will refer to the

---

[2] The Court notes that neither party provided it with a copy of the transcript from the September 5, 2018 evidentiary hearing before Magistrate Judge Steger.

facts only as necessary to analyze the issues raised on objection. Vance's objections to Magistrate Judge Steger's report and recommendation are now ripe for review.

## III. ANALYSIS

Vance argues in his objections that the magistrate judge erred in determining that: (1) the officers had probable cause to seize and search the vehicle; and (2) Vance lacked an expectation of privacy in the truck. (*See* Doc. 185.) Both issues relate only to the initial seizure and impoundment of the truck, before officers obtained a warrant to search it. (*See* Doc. 176, at 1.)

First, Vance argues that the magistrate judge erred in determining that officers had probable cause. As Magistrate Judge Steger noted, probable cause exists when there is a "fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). In finding there was a "fair probability" evidence of a crime would be found in the truck, Magistrate Judge Steger relied upon security footage the police reviewed before the arrest, which showed Vance and a co-defendant leave the store, walk out to the truck, and return to the store before they were caught shoplifting the second time they exited the store. (Doc. 185, at 3–4; *see* Doc. 176, at 6.) From that sequence of events, Magistrate Judge Steger concluded that there was, "at a bare minimum, a 'fair probability' that shoplifted goods or evidence of shoplifting were located in the pick-up truck at the time officers seized it." (Doc. 176, at 6.)

Vance objects to Magistrate Judge Steger's conclusion, arguing that "[t]here was nothing to connect the GMC to shoplifting . . . ." (Doc. 185, at 5.) According to Vance, the presence of "extensive video footage of both the inside and outside of the store" leads to the inference that, "[h]ad Vance and [his co-defendant] shoplifted the first time they were in the store, . . . video footage would have captured those thefts, and they would have been detained earlier." (*Id.*) But

4

the police officers were not required to have actual evidence that Vance and his co-defendant shoplifted when they left the store the first time. The police officers only needed to reasonably infer a "fair probability" that the truck contained shoplifted items. *Gates*, 462 U.S. at 238. They inferred that two people engaged in shoplifting may have also shoplifted items when they left the store the first time, placed them in the truck that they walked to after exiting the store, then returned to the store to continue their shoplifting activities. And that inference was eminently reasonable. The Court agrees with Magistrate Judge Steger that police officers reasonably inferred a fair probability that suspects placed shoplifted items in the truck when they exited Wal-Mart the first time. Therefore, the officers had probable cause to seize and search the truck.

The Court agrees with Magistrate Judge Steger's application of the law and Vance's arguments do nothing to undermine his well-reasoned conclusion on this issue. The Court will **OVERRULE** Vance's first objection to the report and recommendation. The Court will **ACCEPT AND ADOPT IN PART** the report and recommendation (Doc. 176) as it relates to this issue and **DENY** Vance's motion to suppress (Doc. 100) on this basis. Because the Court finds that police had probable cause to search the vehicle, it is unnecessary to resolve Vance's second objection to the report and recommendation.

IV.     **CONCLUSION**

For the reasons stated herein, Vance's first objection to the report and recommendation (Doc. 185) is **OVERRULED**. The Court **ACCEPTS** and **ADOPTS IN PART** the report and recommendation (Doc. 176) and **DENIES** Vance's motion to suppress (Doc. 100). The following new trial schedule, which applies to Vance and his co-defendant Derrick Kitchens, is **ORDERED**:

1.      Plea Bargaining shall be concluded by **August 5, 2019**, and any written

5

agreement shall be executed by said date.

2. All motions shall be filed no later than **August 5, 2019**.

3. All requests for jury instructions shall be submitted no later than **August 19, 2019**. The parties shall confer and submit a joint proposal for jury instructions. Before submitting the joint proposal to the Court, the parties must attempt to resolve any disagreements. To the extent there are disagreements as to specific instructions that cannot be resolved, the parties should provide competing instructions in their joint proposal. All jury instructions in the joint proposal, including agreed instructions and competing instructions, shall be supported by citations of authority. A copy of the proposed jury instructions should be sent in Microsoft Word format to **mcdonough_chambers@tned.uscourts.gov**.

4. A final pretrial conference shall be held before the United States District Judge at **3:00 p.m.** on **August 19, 2019**, in Chattanooga, Tennessee. At or before the final pretrial conference, all parties shall provide a notebook to the Court with exhibits they expect to offer during their cases-in-chief. Each party should also file a written submission advising the Court: (1) how and by whom each document will be authenticated, and (2) the theory of admissibility for the document, with appropriate references to the Federal Rules of Evidence. At the final pretrial conference, the parties should also be prepared to advise the Court whether they intend to offer any out-of-court statements as evidence beyond what is reflected in the exhibit notebook and be prepared to explain why each statement is not barred by the rule against hearsay, the Confrontation Clause, or any other basis. The parties should also be prepared to discuss evidence relating to a crime, wrong, or other act by the defendant(s), whether that evidence is admissible under Federal Rule of Evidence 404(b)(2), and whether the Government has given appropriate notice. The parties shall also disclose to one another and to the Court the technology

they intend to use in the courtroom during the trial and how they intend to use it (e.g., display equipment, data storage, retrieval, or presentation devices).  This disclosure shall list:  (1) the equipment the parties intend to bring into the courtroom to use and (2) the equipment supplied by the Court the parties intend to use.  Further, the parties shall disclose to one another the content of their electronic or digital materials by the time of the final pretrial conference and shall confirm the compatibility/viability of their planned use of technology with the Court's equipment by the final pretrial conference.  General information regarding equipment supplied by the Court is available on the Eastern District of Tennessee website (**www.tned.uscourts.gov**).  Specific questions about Court-supplied equipment should be directed to the courtroom deputy (directory available on website).

5. The trial of this case will be held before the United States District Judge and a twelve-person jury beginning on **August 26, 2019, at 9:00 a.m.** in Chattanooga, Tennessee.  If this case is not heard immediately, it will be held in line until the following day or any time during the week of the scheduled trial date.

**SO ORDERED.**

/s/*Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**